UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRAHAM LEAVITT,<br><br>    Plaintiff,<br><br> v.<br><br>AMERICAN EXPRESS NATIONAL BANK; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; EXPERIAN INFORMATION SERVICES, INC.,<br><br>    Defendants. | CASE NO. 23-cv-697<br><br>ORDER ON JOINT STIPULATION TO ARBITRATE CLAIMS AND STAY LAWSUIT AS TO AMERICAN EXPRESS |

This matter comes before the Court on Plaintiff Abraham Leavitt and Defendant American Express National Bank's ("American Express") Joint Stipulation to Arbitrate Claims And Stay Lawsuit as to American Express. Dkt. No. 28. Plaintiff and American Express have agreed to arbitrate Plaintiff's claims against American Express, and they request "that the lawsuit be stayed as to American Express under 9 U.S.C. § 3 pending the outcome of the arbitration." Dkt. No. 28 at 1. The other Defendants in the case—Defendants Equifax Information Services LLC, Trans Union LLC, and Experian Information Services, Inc. (the "Credit Reporting Agency Defendants")—have filed nothing in response to Plaintiff and American Express's stipulation.

In general, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

ORDER ON JOINT STIPULATION TO ARBITRATE CLAIMS AND STAY LAWSUIT AS TO AMERICAN EXPRESS - 1

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Federal Arbitration Act provides "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. The FAA's stay-of-litigation provision is mandatory and covers all matters within the scope of the arbitration agreement. *Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983, 990 (N.D. Cal. 2016). "It is, however, within a district court's discretion whether to stay, for considerations of economy and efficiency, an entire action, including issues not arbitrable, pending arbitration." *Id.* (internal quotation marks omitted). "The same holds true with respect to claims involving non-signatories to an arbitration agreement." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (stating "it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket.")).

The stipulation between Plaintiff and American Express constitutes the parties' agreement to arbitrate all Plaintiff's claims against American Express. The stipulation is therefore subject to 9 U.S.C. § 3 and its mandatory stay-of-litigation provision for matters within the scope of Plaintiff and American Express's agreement. But the stipulation was entered between Plaintiff and American Express only. *See* Dkt. No. 28. And the parties have given the Court no additional information to determine whether proceeding with piecemeal litigation against the Credit Reporting Agency Defendants, who are not parties to an arbitration agreement with Plaintiff, as far as the Court can tell, is a good use of judicial resources. This is especially relevant when considering the interrelated nature of Plaintiff's claims against the defendants, and the likelihood that an arbitrator's decision in the dispute between Plaintiff and American Express will have a material impact on Plaintiff's claims against the Credit Reporting Agency

Defendants. *See* Dkt. No. 1. As such, the Court is inclined to stay this entire action pending the resolution of Plaintiff and American Express's arbitration.

For these reasons, IT IS ORDERED:

1. Plaintiff and American Express's Stipulation to Arbitrate Claims and Stay Lawsuit as to American Express is renoted for consideration on September 19, 2023;

2. Plaintiff and the Credit Reporting Agency Defendants must meet and confer about the effect of a litigation stay as to American Express and whether all proceedings should be stayed during the pendency of any arbitration between Plaintiff and American Express. Plaintiff and the Credit Reporting Agency Defendants must inform the Court of their relative positions about staying all proceedings by no later than September 19, 2023.

3. The deadlines in the Court's initial scheduling order are stricken. Dkt. No. 29.

Dated this 1st day of September, 2023.

Jamal N. Whitehead
United States District Judge