UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRAHAM LEAVITT,

Plaintiff,

v.

AMERICAN EXPRESS NATIONAL BANK; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

CASE NO. 2:23-cv-00697

ORDER STAYING CASE PENDING RESOLUTION OF ARBITRATION BETWEEN ABRAHAM LEAVITT AND AMERICAN EXPRESS NATIONAL BANK

This matter comes before the Court on Plaintiff Abraham Leavitt and Defendant American Express National Bank's Joint Stipulation to Arbitrate Claims And Stay Lawsuit as to American Express. Dkt. No. 28. On September 1, 2023, the Court ordered all parties in this matter to confer regarding whether all proceedings should be stayed pending arbitration between Leavitt and American Express. Dkt. No. 30. The Court ordered the parties' responses by September 19, 2023, and renoted Leavitt and American Express's stipulated motion for that same date. *See* Dkt. Nos. 28, 30.

The Parties met and conferred and filed their responses as ordered by the Court. Dkt. Nos. 31-35. Defendants Experian Information Services, Inc., Equifax Information Services LLC, and Trans Union LLC ("Credit Reporting Agencies") request a global stay. Dkt. No. 31. They contend Leavitt's claims against American Express are so interrelated with his claims against the Credit Reporting Agencies that the outcome of Leavitt and American Express's arbitration will "materially" impact Leavitt's claims against them. Dkt. No. 31 at 1-2.

Leavitt disagrees. He argues that a stay at this time would be "premature" because "the parties herein do not know which allegations American Express will admit or deny, nor do the parties know what affirmative defenses will be asserted, if any." Dkt. No. 32 at 1-2. Leavitt does not include a copy of his JAMS arbitration demand nor does he discuss the scope of his arbitration demand against American Express. *See id*. Instead, Leavitt argues that American Express's defenses in arbitration may "have little or no relevance to this case." *Id*. at 2. Leavitt concedes that the arbitration could involve issues "directly relevant to the case at bar," specifically discussing the "grounds" that American Express will defend itself. *Id*. Finally, Leavitt raises purported statements from Defendant Experian about whether and when it may also move to compel arbitration. *Id*. at 2-3.

American Express limited its response to Leavitt's statement about its deadline to respond to his JAMS demand, clarifying that American Express has not yet received Leavitt's arbitration demand and supporting papers. Dkt. No. 35 at 1-2. American Express did not state a position about a global stay. *See id*. And Leavitt did not respond to American Express's response. *See* Dkt. No. 36.

As noted in its September 1, 2023, Order, the Court has inherent authority to stay this litigation, including for non-signatories to an arbitration agreement. Dkt. No. 30 at 1-2 (citing 9 U.S.C. § 3; *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983, 990 (N.D. Cal. 2016)). The Ninth Circuit has noted:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

Such is the case here, as the Court finds that a global stay would best serve judicial economy and promote fairness to all parties. Leavitt's response stops short of arguing that a global stay would cause him prejudice; instead, he notes "a ruling by the arbitrator on a defense raised by American Express could be directly relevant to the case at bar and the interest of efficiency and judicial economy would be advanced by a stay." Dkt. No. 32 at 2. The Court agrees. But the ramifications of arbitration could go beyond the arbitrator's rulings on American Express's defenses. Leavitt fails to discuss how other hypothetical outcomes could also affect—or conflict—with outcomes against the Credit Reporting Agencies, including Leavitt's success on any claims against American Express. *See, e.g.*, *Gallardo v. AT & T Mobility, LLC*, 937 F. Supp. 2d 1128, 1134 (N.D. Cal. 2013) ("Final arbitration awards can have preclusive effect.") (citing *Clark v. Bear Stearns & Co.*, 966 F.2d

1318, 1321 (9th Cir. 1992)). The Court will therefore stay this matter pending resolution of Leavitt's arbitration against American Express.

Accordingly, Leavitt and American Express's Joint Stipulation to Arbitrate Claims And Stay Lawsuit as to American Express is GRANTED under the Federal Arbitration Act, 9 U.S.C. § 3. Dkt. No. 28. This matter is STAYED as to all parties.[1] The parties will file a joint status report every 90 days from the date of entry of this Order and may move to lift this stay upon resolution of Leavitt and American Express's arbitration or for another appropriate reason.

It is so ORDERED.

Dated this 9th day of November, 2023.

Jamal N. Whitehead
United States District Judge

[1] Leavitt and Equifax filed a joint notice of settlement, stating they had reached a settlement in principle. Dkt. No. 36. The stay does not preclude Leavitt and Equifax from taking action to perfect the settlement and to file a stipulation of dismissal. *See id.*