THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABRAHAM LEAVITT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN EXPRESS NATIONAL BANK, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>　　　　　Defendants. | NO. 2:23-CV-00697-JNW<br><br>**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**<br><br><u>**NOTED FOR CONSIDERATION:**</u><br>JULY 1, 2025 |

Terrell Marshall Law Group PLLC and Schlanger Law Group LLP (collectively "Withdrawing Attorneys") respectfully request leave to withdraw as counsel for Plaintiff Abraham Leavitt. Mr. Leavitt's address and telephone number are:

　　　　13398 Newcastle Commons Dr., Apt. 205
　　　　Newcastle, WA  98059
　　　　Tel:　(954) 600-3104

### I.　　AUTHORITY

In support of this motion, Terrell Marshall and Schlanger state as follows:

1.　　Local Civil Rule 83.2(b) permits attorneys to withdraw an appearance with leave of court. LCR 83.2(b)(1). "If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number. *Id.* The motion also must include a certification that the motion was served on the client and opposing counsel. *Id.*

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL - 1
Case No. 2:23-cv-00697-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.	Under LCR 83.2(b), an attorney "will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case." There is no discovery cutoff date set as the matter has been stayed pending the resolution of the arbitration so the Withdrawing Attorneys should be permitted to withdraw per the rule.

3.	Once the withdrawing attorneys satisfy the technical requirements of Local Civil Rule 83.2, "[i]t is within the district court's broad discretion to grant or deny a motion to withdraw as counsel." *Smith-Thomas v. Home Depot USA Inc.*, No. C24-5049-MLP, 2025 WL 917174, at *1 (W.D. Wash. Mar. 26, 2025) (permitting plaintiff's counsel to withdraw after discovery cutoff and while motion for summary judgment was pending).

4.	Courts generally consider four factors when exercising their discretion: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*

5.	Professional considerations require the Withdrawing Attorneys to terminate their representation of Mr. Leavitt. *See* Washington Rule of Professional Conduct 1.16(b) and Comment 3; s*ee also United States v. Centene Corp.*, No. 2:21-CV-01542-DGE, 2022 WL 17403447, at *2 (W.D. Wash. Dec. 2, 2022) (attorneys seeking to withdraw "in citing professional considerations, have provided an adequate reason for withdrawal").

6.	The Withdrawing Attorneys have taken steps reasonably practicable to protect the client's interests, including notifying the client by letter dated April 1, 2025, of Withdrawing Attorneys' intent to withdraw and providing the client with his file, *inter alia*, on April 9, 2025. *See* Wash. R. of Professional Conduct 1.16(d).

7.	Neither the arbitrating defendant (American Express) nor the two remaining non-arbitrating defendants (Trans Union, LLC and Experian Information Solutions, Inc.) are prejudiced by Withdrawing Attorneys' withdrawal. The withdrawal will not delay resolution of the case because this case has been stayed pending resolution of the arbitration with American

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL - 2
Case No. 2:23-cv-00697-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Express, and neither a discovery deadline nor trial date has been set. *See* Dkt. 39. The Withdrawing Attorneys have already withdrawn from the arbitration.

For all these reasons, the Withdrawing Attorneys' motion should be granted and the firms should be permitted to withdraw. A proposed order has been submitted with this motion.

## II.    CERTIFICATION

Terrell Marshall and Schlanger hereby certify that they served this motion by certified mail on Plaintiff Abraham Leavitt. They also served all counsel of record electronically through the ECF system.

RESPECTFULLY SUBMITTED AND DATED this 10th day of June, 2025.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 528 words, in compliance with the Local Civil Rules.*

By: */s/ Beth E. Terrell*
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com
    Jasmin Rezaie-Tirabadi, WSBA #60285
    Email: jrezaie@terrellmarshall.com
    936 N. 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Daniel A. Schlanger, *Admitted Pro Hac Vice*
    Email: dschlanger@consumerprotection.net
    SCHLANGER LAW GROUP LLP
    80 Broad Street, Suite 3103
    New York, New York 10004
    Telephone: (212) 500-6114
    Facsimile: (646) 612-7996

*Attorneys for Plaintiff*

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL - 3
Case No. 2:23-cv-00697-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com